IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO. 3:08-CV-00158

| | |
|---|---|
| CAROLINA MATERIALS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CONTINENTAL CASUALTY )<br>COMPANY d/b/a )<br>CNA INSURANCE, )<br>)<br>Defendant. ) | **CONTINENTAL CASUALTY COMPANY'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendant Continental Casualty Company ("Continental") respectfully files this Brief in Support of its Motion for Partial Summary Judgment.

## I. INTRODUCTION

Carolina Materials, LLC ("Plaintiff") is not entitled to recover for any Business Income or Extra Expense losses allegedly resulting from damage to an extruder machine on October 26, 2006, because Plaintiff did not maintain certain spare equipment and parts required for Business Income or Extra Expense coverage to apply under its insurance policy.

14339372.3

## II. UNDISPUTED FACTS

### A. Factual Background

Plaintiff alleges that a Nanjing Giant sheet extrusion machine (the "Extruder") was damaged on October 26, 2006, when defective resins were introduced into the feedstock. Under the high temperature and pressure of the machine, the defective raw material produced a hydrochloric acid that etched and damaged the polished metal surfaces of the screw, the extruder die, and the chromium plated rolls of the machine. (Ex. A., Plaintiff's Complaint, ¶ 9, 11.)

Continental insured Plaintiff under a boiler and machinery insurance policy. In response to Plaintiff's notice of the loss, Continental sent investigators and engineers to inspect the damage and engaged in correspondence with Plaintiff on a number of occasions between October 26, 2006 through April 7, 2008, regarding coverage under the insurance policy. (Ex. A, Plaintiff's Complaint, ¶¶ 16-17.)[1]

---

[1] Continental engaged in a more extensive investigation than noted in Plaintiff's Complaint, and also made advance payments sufficient to compensate for the estimated repair costs of the barrel and screw, and the rollers; however, the details of the investigation and payment are not relevant for determination of this Motion for Partial Summary Judgment.

- 2 -

Plaintiff filed this action and seeks a declaration that Continental is obligated to pay certain losses allegedly incurred following an extruder equipment breakdown, including lost business income, a portion of continuing operating expenses incurred, and the cost to repair and/or replace damaged components. (Ex. A, Plaintiff's Complaint, ¶ 27.) Plaintiff also alleges breach of contract.

Plaintiff's claims to recover losses from Business Income or Extra Expense are barred, because of Plaintiff's admitted failure to maintain certain spare equipment, as required by its Policy in order for Business Income and/or Extra Expense coverages to apply. Therefore, Continental moves for judgment in its favor as to this issue, finding that (1) the Spare Equipment and Parts endorsement applies to the Plaintiff's claim; (2) under the terms of that endorsement, the Plaintiff was not insured for any Business Income or Extra Expense losses; and, therefore, (3) the Plaintiff cannot recover on any of its claims relating to loss of Business Income or for any Extra Expense.[2]

Continental is entitled to judgment in its favor, denying Plaintiff's request for a declaratory judgment and

---

[2] The terms "Business Income" and "Extra Expense" are both defined terms under the Policy. (*See* Policy, Ex. B, at Bates No. CCC000018.)

Plaintiff's claims for breach of contract regarding all alleged losses of Business Income and all claims for Extra Expense.

**B.   The Policy**

Continental issued Boiler and Machinery policy number R 2081401350 to Plaintiff Carolina Materials, LLC, for the Policy Period of June 11, 2006 to June 1, 2007 (hereinafter, the "Policy"). (Ex. B, The Policy.) The Policy[3] insures against certain defined losses in the event of a "Breakdown" to "Covered Equipment." Depending on the circumstances, coverage may include loss related to property damage, lost Business Income, and Extra Expense. (Ex. B, CCC000006.)

A "Breakdown" under the Policy is defined by the endorsement titled "Breakdown Covered Cause of Loss Revision," which states:

> **1.   Breakdown**
>> a.   Means sudden and accidental direct physical loss to "Covered Equipment" which manifests itself by physical damage, necessitating its repair or replacement, unless such loss is otherwise excluded within this Coverage Form.

---

[3] Specific terms defined in the Policy are noted here in quotation marks. Terms noted in bold type are noted in a similar manner in the Policy.

> > b. Does not mean or include:
> >
> > > (i) malfunction, including but not limited to, adjustment, alignment, calibration, cleaning, or modification; . . . .

(Ex. B at CCC000028, Breakdown Covered Cause of Loss Revision, Form G-147149-A.)

In the event of a "Breakdown," the Policy's Equipment Breakdown Coverage Form, subject to the other Policy provisions and endorsements, states:

> **A. Coverage**
>
> > **1. Covered Cause of Loss**
> >
> > > Covered Cause of Loss is a "Breakdown" to "Covered Equipment."
> >
> > **2. Coverages Provided**
> >
> > > Each of the following coverages is provided if either a limit or the word INCLUDED is shown for that coverage in the Declarations. If neither a limit nor the word INCLUDED is shown, then that coverage is not provided.
> > >
> > > These coverages apply only to that portion of the loss or damage that is a direct result of a Covered Cause of Loss.
> > >
> > > **a. Property Damage**
> > >
> > > > We will pay for direct damage to "Covered Property" located at the premises described in the Declarations.
> > > >
> > > > . . . .

- 5 -
14339372.3

> > **c. Business Income and Extra Expense – Extra Expense Only**
>
> > **(1)** We will pay:
> >
> > > **(a)** Your actual loss of "Business Income" during the "Period of Restoration"; and
> > >
> > > **(b)** The "Extra Expense" you necessarily incur to operate your business during the "Period of Restoration".
> >
> > However, if coverage for "Extra Expense" Only is indicated in the Declarations, then coverage for "Business Income" is not provided.
> >
> > We will consider the experience of your business before the "Breakdown" and the probable experience you would have had without the "Breakdown" in determining the amount of our payment.
> >
> > . . . .

(Ex. B at CCC000006, Policy Form BM 00 20 07 01, page 1 of 14.)

The Policy also includes a Spare Equipment and Parts endorsement, which modifies the insurance provided as follows:

- 6 -

14339372.3

**The Endorsement Changes the Policy,
Please Read it Carefully.**

### SPARE EQUIPMENT AND PARTS

... .

**Description of "Covered Equipment":**
Extruders

**Description of Spare Equipment and/or Parts:**
Motors, Gear Sets, Barrels and Screw

... .

**Coverage:** (indicate whether coverage is included or excluded)
Property Damage [X] Included  [] Excluded
Business Income and Extra Expense or Extra Expense Only [] Included  [X] Excluded

... .

The following paragraphs apply in the event of a "Breakdown" to "Covered Equipment" described in the Schedule and located at the premises shown in the Schedule:

**A.**   If all of the following conditions are met at the time of the "Breakdown" then the applicable coverage and deductible(s) for the described "Covered Equipment" will be those shown elsewhere in the policy and not those shown in the Schedule.

The spare equipment and/or parts described in the Schedule must be:

   **1.**   In functional condition and ready for installation and use;

   **2.**   At the premises, shown in the Schedule, where spare equipment and/or parts are located; and

   **3.**   Available for your use.

> **B.** If any of the conditions in Paragraph **A.** are not met at the time of the "Breakdown", then the applicable coverage and deductible(s) for the described "Covered Equipment" will be those shown in the Schedule and not those shown elsewhere in the policy.

(Ex. B at CCC000025, Spare Equipment and Parts endorsement, Form BM 99 58 10 20 04.)[4]

The spare equipment endorsement adds specific requirements to the insurance contract in order for the Business Income and Extra Expense coverages to apply. If those three requirements are not met, then only property damage coverage is provided for a Breakdown to an Extruder. If the spare equipment is in place and available for installation and use as required, then the coverages for Business Income and Extra Expense are provided.

---

[4] Remarkably, in response to Requests for Admission, Plaintiff has denied that the Policy includes the Spare Equipment and Parts endorsement. (Ex. C, Continental's Requests for Admission and Plaintiff's Responses to Requests for Admission, No. 10.) Possibly related is the fact that Exhibit 1 to Plaintiff's complaint, purportedly a copy of the Policy, also lacks this endorsement. (Ex. A, Plaintiff's Complaint, at Ex. 1.) However, Plaintiff cannot deny that the Policy also contains a schedule of Forms and Endorsements made a part of the Policy (Ex. B, CCC000005), and that schedule specifically identifies the Spare Equipment and Parts endorsement, Form BM 99 58 10 20 04. (*See* Ex. A, Plaintiff's Complaint, at Ex. 1, "page 4 of 4"; Exhibit B, CCC000025.) Plaintiff did not indicate the reason for its denial, even though a separate interrogatory specifically requested the basis for any request for admission that was denied. (Ex. D, Plaintiff's Responses to Interrogatories, No. 10.)

- 8 -

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Blis Day Spa, LLC v. The Hartford Ins. Group*, 427 F. Supp. 2d 621, 628 (W.D.N.C. 2006). A material fact is one that "might affect the outcome of the suit under governing law." *Westchester Fire Ins. Co. v. Johnson*, 221 F. Supp. 2d 637, 642 (M.D.N.C. 2002). If the moving party shows the absence of a genuine issue as to any material fact, the non-moving party must assert facts showing that there is a genuine issue for trial. *Blis Day Spa*, 427 F. Supp. 2d at 628. The mere existence of a scintilla of evidence in support of the plaintiff's position is not sufficient; the plaintiff must present evidence on which the fact-finder could reasonably find for the plaintiff. *Central Carolina Bank & Trust Co. v. Security Life of Denver Ins. Co.*, 247 F. Supp. 2d 791, 797 (W.D.N.C. 2003).

## IV. LEGAL ARGUMENT AND AUTHORITIES

In its Complaint, Plaintiff seeks a declaration that Continental "is obligated to pay all losses incurred for the Extruder equipment breakdown, including Carolina

Materials' lost business income, a portion of its continuing normal operating expenses incurred, and its costs to repair and/or replace the damaged components of the Extruder to make it fully operational again." (Ex. A, Plaintiff's Complaint, ¶ 27.) Plaintiff also seeks to recover for breach of contract on the same basis. However, because the Policy did not provide coverage for Business Income and Extra Expense losses at the time of the incident, Continental is entitled to summary judgment in its favor, denying any recovery for any alleged Business Income and Extra Expense losses.

The insurance contract requires the Plaintiff to maintain certain spare equipment, including barrels and screw, in order for the Business Income and Extra Expense coverages set forth on the Declaration Page to apply. (Ex. B, CCC000025.) According to the Endorsement, the spare equipment must be in functional condition, ready for installation and use, at the premises, and available for use. (Ex. B, CCC000025.)

Plaintiff failed to satisfy any of the three specified requirements at the time of the loss:

- Plaintiff has admitted that "[a]t the time

- 10 -
14339372.3

of the <u>Claim Incident</u>[5], <u>Carolina Materials</u> did not have a spare barrel and screw in functional condition and ready for installation and use." (Ex. C, Plaintiff's Responses to Requests for Admission, No. 11 (emphasis in original).)

- Plaintiff has admitted that "[a]t the time of the time of the <u>Claim Incident</u>, <u>Carolina Materials</u> did not have a spare barrel and screw at the premises, shown in the Schedule, where spare equipment and/or parts are located." (Ex. C., Plaintiff's Responses to Requests for Admission, No. 12 (emphasis in original).)

- Plaintiff has admitted that "[a]t the time of the <u>Claim Incident</u>, <u>Carolina Materials</u> did not have a spare barrel and screw available for its use." (Ex. C., Plaintiff's Responses to Requests for Admission, No. 13 (emphasis in original).)

---

[5] "Claim Incident" is defined in Continental's Request for Admissions as "the incident on October 26, 2006, involving the Nanjing Grant sheet extrusion machine ("Extruder"), which is the subject of the Plaintiff's claim against the Defendant in this action." (Ex. C, Continental's Requests for Admission, Definitions.)

- 11 -

No barrel and screw was available, in functional condition, at the premises, and ready for installation and use, on the date of the incident in October 2006. Under the specific terms of the endorsement, the coverage otherwise provided by the Policy is modified, specifically as to any Breakdown of an Extruder. Business Income and Extra Expense coverage is not provided by the Policy. (Ex. B, CCC000025.) Therefore, Plaintiff is not entitled to recover business income and extra expenses under the Policy, and Continental is entitled to summary judgment in its favor, and against Plaintiff's request for a declaratory judgment and Plaintiff's breach of contract claims, to the extent and as they pertain to loss of business income or extra expense.

## V. CONCLUSION

Because the Plaintiff failed to have available the spare equipment required by the Policy, the insurance provided under the contract was modified, and no coverage for Business Income or Extra Expense was provided. Continental is entitled to judgment in its favor, finding that Plaintiff's request for a declaration that the defendant is obligated to pay lost business income or certain continuing operating expenses incurred, relating to the Extruder equipment breakdown, is denied, and further

finding that Plaintiff's claims asserting breach of contract with regard to any claims for lost business income or extra expense are also denied, and such claims are dismissed from this action with prejudice. Continental has no responsibility under the Policy for any claim relating to any alleged lost business income or extra expense in this civil action.

Respectfully submitted this 5th day of January 2009.

By: /s/ David M. Leonard
David M. Leonard, Esq.
Georgia Bar No. 664425
Email: dleonard@carltonfields.com

By: /s/ Toni L. Ross
Toni L. Ross, Esq.
Georgia Bar No. 612610
Email: tross@carltonfields.com
CARLTON FIELDS, P.A.
1201 West Peachtree Street NE
Suite 3000
Atlanta, Georgia 30309-3455
Telephone: 404.815.3380

Robert M. Rubin, Esq.
NC Bar No. 22301
CRANFILL SUMNER & HARTZOG LLP
Email: rrubin@cshlaw.com
Post Office Box 30787
Charlotte, NC 28230
Telephone: 704.332.8300

**ATTORNEYS FOR DEFENDANT
CONTINENTAL CASUALTY COMPANY**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL ACTION NO. 3:08-CV-00158**

| | |
|---|---|
| CAROLINA MATERIALS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CONTINENTAL CASUALTY COMPANY d/b/a CNA INSURANCE, | ) ) ) ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of January 2009, I electronically filed this **CONTINENTAL CASUALTY COMPANY'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>   Eric Lee
>   lee@leeamlaw.com
>   Jordan Cohen
>   cohen@leeamlaw.com
>   Lee & Amtzis, P.L.
>   5550 Glades Road, Suite 401
>   Boca Raton, Florida 33431
>
>   Michael L. Carpenter
>   mcarpenter@gastonlegal.com
>   Gray, Layton, Kersh, Solomon, Furr & Smith, P.A.
>   516 South New Hope Road
>   Gastonia, North Carolina 28053

>                                 /s/ Toni L. Ross
>                                   Toni L. Ross