IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO. 3:08-CV-00158

| | |
|---|---|
| CAROLINA MATERIALS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CONTINENTAL CASUALTY COMPANY | ) |
| d/b/a/ CNA INSURANCE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY AND FOR A LIMITED EXTENSION OF THE DISCOVERY PERIOD FOR DEFENDANT TO COMPLETE FACT DISCOVERY**

COMES NOW the Defendant, Continental Casualty Company ("Continental"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 6(b) and 37(a), and files this Brief in Support of its Motion to Compel Discovery and for a Limited Extension of the Discovery Period for Defendant to Complete Fact Discovery.

**Factual and Procedural Background**

Continental insured Plaintiff Carolina Materials, LLC ("Plaintiff," "CM," or "Carolina Materials") under a boiler and machinery insurance policy. Plaintiff alleges that a Nanjing Giant sheet extrusion machine (the "Extruder") was damaged on October 26, 2006, when defective resins were

introduced into the feedstock. (*See* Plaintiff's Complaint, ¶¶ 9, 11.) In response to Plaintiff's notice of loss, Continental investigated and inspected the damage. Continental made advance payments towards repairs of physical damage to Covered Property in December 2006 and January 2007. A dispute arose between the parties regarding coverage for business income and extra expense losses alleged by the Plaintiff, and that dispute ultimately was submitted to this Court earlier in this action on a motion for partial summary judgment.

Plaintiff instituted this action on April 10, 2008. Through its Complaint, Plaintiff seeks, *inter alia*, a declaration that Continental is obligated to pay certain losses allegedly incurred following the extruder equipment breakdown, including lost business income, a portion of continuing operating expenses incurred, and the cost to repair and/or replace damaged components, and asserting a claim for breach of contract. (*See id.* at ¶¶ 27, 28-33.)

Both parties propounded and responded to interrogatories, requests to produce, and requests for admissions. The interpretation regarding the policy endorsement at the base of the dispute between the parties on the business income claim was given by this Court in its

Order dated May 12, 2009. Following this Court's interpretation of the policy provision, the parties mediated the case, but were unable to reach an agreement. The parties began discussions of alternative ways of further narrowing the issues, particularly the remaining contract interpretation issues, in connection with the discussion commenced by Plaintiff's counsel regarding the use of an appraisal process. Continental served additional document requests (the "Supplemental Requests") on August 13, 2009. (Ex. 1.)

      The requests were designed to obtain specific information and documents that are needed in order to determine the extent of any loss of business income and any extra expense, if any, which would be recoverable under the terms of the policy in light of the Court's Order. This information is necessary in order to distinguish between any losses that resulted from the Breakdown of the barrel and screw (which this Court found to be the "Extruder" referenced in the policy provision barring the coverage of any business income or extra expense loss resulting from the Breakdown to the Extruder), as compared with any losses, if any, that resulted from the Breakdown of the cooling rolls (which the

— 3 —
15794613.2
Case 3:08-cv-00158-RJC -DSC   Document 52-1   Filed 10/14/09   Page 3 of 18

Court found were not included in the exclusion for business income loss).

Plaintiff did not respond to Continental's Supplemental Requests until September 23, 2009, more than thirty days after being served with the Supplemental Requests. (Ex. 2.) For most of the requests, Carolina Materials stated "CMLLC will produce responsive documents in its custody, possession, or control."

As presented and documented in Continental's motion, counsel for Continental engaged in detailed discussions with Plaintiff's counsel throughout the month of September, relating both to the possibility of a mutually agreed request for an extension of time or stay of this action pending a possible appraisal, as well as identifying the deposition discovery that needed to be completed. (*See* Ex. 3, 4, and 5.) As the deadline for the end of the current discovery period approached, however, communications from the Plaintiff changed, and no agreement was reached. Defendant commenced the depositions it previously had requested, but counsel for the Plaintiff has not agreed to extend the time to complete those depositions, other than the two that were commenced this week. With regard to the documents, Plaintiff's counsel produced printouts from the computer at

— 4 —

the last minute, which are not an adequate substitute for a complete review and examination of the Plaintiff's servers and computer hard drives.[1]

As outlined in Exhibit 8 to Defendant's motion, the printouts of the files from Plaintiff's computer are not responsive to the Supplemental Requests and contain data that cannot be deciphered or properly interpreted without access to the actual computer programs in which they were created. (Ex. 8 at ¶¶ 16-23, and 31.)

For instance, in the Supplemental Requests Continental requested all of Carolina Materials' product shipment reports (by weight and dollar amount) for the Nanjing Giant machine and 48 inch Cincinnati Milacron machine for specific time periods. (Ex. 1 at ¶¶ 5-7.) The electronic files produced by Plaintiff relating to the shipping of Carolina Materials' products contain data that was extracted from a computer program and dumped into a Microsoft Excel program. (Ex. 8 at ¶ 17.) They are in an unknown format, and contain internal codes or other unknown

---

[1] Counsel for Plaintiff has agreed to allow Defendant to inspect the computer and obtain additional data from it, but the terms of its inspection have not been agreed upon. Defendant requests that it be permitted to obtain a forensic copy of the computer servers and hard drives, particularly since the entity known as Carolina Materials, LLC is not an active business, and those servers are currently being used by one of the owners of the Plaintiff in another business.

identifications or symbols, that cannot be deciphered and interpreted without access to the actual program. (Ex. 8 at ¶¶ 15-16.) Further, the data is not organized by weight, amount, or product type and many of the files do not indicate whether they are related to the Nanjing Giant machine or 48 inch Milacron extrusion machine. (Ex. 8 at ¶¶ 18-21.)

Continental also requested all of CM's product production logs for the Nanjing Giant machine and 48 inch Cincinnati Milacron machine for specific time periods. (Ex. 1 at ¶¶ 1-4.) The electronic files relating to the production logs contain internal codes, or other unknown identifications and symbols and contain data that was extracted from another computer program and dumped into a Microsoft Excel program. (Ex. 8 at ¶¶ 23-24.) These electronic files are not organized by product type, do not indicate whether they relate to the two machines, and are not broken down by actual production on a per-day, per-week, or per-month basis. (Ex. 8 at ¶¶ 25-28.)

Continental also requested all payroll journals, by department and on a pay-period by pay-period basis for a specific time period. (Ex. 1 at ¶ 17.) The electronic files relating to payroll appear to be a summary of payroll checks. (Ex. 8 at ¶ 29.) The information is not organized by

department or any other organization breakdown. (Ex. 8 at ¶ 30.) The files contain internal codes, or other unknown identification or symbols that cannot be deciphered without access to the actual program. (Ex. 8 at ¶ 31.) They contain data that was extracted from a computer program and dumped into Microsoft Excel program, and without access to the software program itself, the data summary is of very limited value and cannot be utilized effectively to evaluate the data. (Ex. 8 at ¶ 32.)

Continental proceeded with a 30(b)(6) deposition of the corporation on Monday, October 12, 2009. At the deposition, it was discovered that Carolina Materials' computer server exists and contains responsive information. The deposition was not concluded, but rather was suspended by Continental pending receipt of the additional material requested by Continental's Supplemental Requests and promised by Plaintiff in its responses thereto.

Counsel for Continental has conferred in good faith with counsel for Plaintiff prior to filing this motion. (*See* Motion at 7, ¶ 20, and Exs. 3-7.)

## II. Authorities and Analysis

Unless the scope of discovery is limited by a Court order, litigants in federal court "may obtain discovery

— 7 —

regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . ." Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 34(a) provides, in pertinent part:

> A party may serve on any other party a request within the scope of Rule 26(b):
>
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
>
> > (A) any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or
> >
> > (B) any designated tangible things[.]

Fed. R. Civ. P. 34(a). Pursuant to Rule 34, a party must respond to requests for production in writing within 30 days after being served. Fed. R. Civ. P. 34(b)(2)(A); *Burgin v. Sagebrush of N.C., LLC*, No. 3:08-CV-198-DCK, 2009 WL 1564136,

*1 (W.D.N.C. June 2, 2009). Furthermore, a party must produce responsive documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the response. Fed. R. Civ. P. 34(b)(2)(E)(i); *T.N. Taube Corp. v. Marine Midland Mortg. Corp.*, 136 F.R.D. 449, 456 (W.D.N.C. 1991) (quoting the Federal Rule and observing that the party on whom discovery requests were served "obviously ha[d] the ability to inform [the propounding party] which of the produced documents respond to particular requests for production," and concluding that "the purposes of discovery, and basic considerations of fairness, require[d the responding party] to organize documents produced . . . in a manner clearly indicating which of these documents respond to [the propounding party]'s specific requests for production").

In this case, CM has not organized the documents produced or indicated which of these documents respond to Continental's specific requests. In fact, the electronic files produced are difficult to decipher and it is impossible to evaluate whether the majority of the requests have even been answered.

15794613.2
Case 3:08-cv-00158-RJC -DSC    Document 52-1    Filed 10/14/09    Page 9 of 18

Federal Rule of Civil Procedure 37 provides as follows:

> To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> . . .
>
> (iv) a party fails to respond that inspection will be permitted- or fails to permit inspection- as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B)(iv); *see also Burgin*, 2009 WL 1564136 at *1 ("Rule 37 provides in relevant part that a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34."); *McDonald v. Suggs*, No. 5:07-CV-339-D, 2008 WL 2129860, *2 (E.D.N.C. May 20, 2008) ("When a party fails to timely respond [to interrogatories or requests for production], the opposing party may move for an order compelling disclosure."). Therefore, "the appropriate procedure to follow when a party is dissatisfied with a response to discovery requests is a motion to compel discovery." *Hartz & Co., Inc. v. Prod. Control Info. (PCI) Ltd.*, Nos. 93-2500, 94-1164, 94-1177, 1995 WL 678484, *6 (4th Cir. Nov. 15, 1995).

Whether to grant or deny a motion to compel is within this Court's broad discretion. *Eckhardt v. Bank of America, Inc.*, No. 3:06CV512, 2008 WL 111219, *6 (W.D.N.C. Jan. 9, 2008); *Orrell v. Motorcarparts of America, Inc.*, No.3:06CV418, 2007 WL 4287750, at *6 (W.D.N.C. Dec. 5, 2007). For purposes of a motion to compel discovery under Rule 37, "evasive or incomplete responses are to be treated as a failure to respond." *Wilson Land corp. v. Smith Barney, Inc.*, No. 5:97CV519, 2000 WL 33672980, *2 (E.D.N.C. Dec. 8, 2000); *see also* Fed. R. Civ. P. 37(a)(4). Moreover, by failing to serve a timely response to Continental's Requests for Production, Plaintiff has waived all objections to the requests for production. *Smith v. CSX Transp., Inc.*, No. 93-373-CIV-5-F, 1994 WL 762208, *1 (E.D.N.C. May 18, 1994) ("Smith's discovery objections are waived for failing to timely object to the request for discovery."); *Zornes v. Specialty Indus., Inc.*, No. 97-2337, 1998 WL886997, *7 n.11 (4th Cir. Dec. 21, 1998) (describing as "improper" objections to interrogatories that were served late, and noting that "[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown"); *Smith v. US Sprint*, No. 92-2153, 1994 WL 62338, *4 n.11 (4th Cir. Feb. 28, 1994) (party's untimely

— 11 —

15794613.2
Case 3:08-cv-00158-RJC -DSC   Document 52-1   Filed 10/14/09   Page 11 of 18

objections to propounded discovery constituted an evasive or incomplete answer tantamount to a failure to respond).

An Order compelling the production of CM's server and other computers for forensic copying is necessary for Continental to complete its discovery. A party has a duty to preserve evidence when it is placed on notice that the evidence is relevant to a litigation or when the party should have known that the evidence may be relevant to future litigation. *Eckhardt,* 2008 WL 111219, at *6; *Orrell,* 2007 WL 4287750, at *6. The Federal Rules of Civil Procedure permit a party to "inspect and copy, test, or sample, any tangible things" including computer hard drives of the computers that generated relevant documents. Fed. R. Civ. P. 34; *Orrell,* 2007 WL 4287750, at *6. The duty to preserve evidence "encompasses electronic communications and documents, such as emails, or documents created by computers …" *Eckhardt,* 2008 WL 111219, at *6.

In this case, CM was on notice that the data contained on its server and computer hard drives contained relevant evidence. Since CM has not produced the documents responsive to Continental's requests in a manner in which Continental can review the information, it is necessary for Continental to obtain a forensic copy of the server and

— 12 —

computer hard drives prior to completing the depositions of the witnesses with knowledge of the events relevant to Plaintiff's claims.

Counsel for Continental has conferred in good faith with counsel for Plaintiff (*See* Motion at ¶ 20, and Exs. 3-7), as required by the Federal Rules. However, Plaintiff has failed to adequately respond, and with the impending close of fact discovery, Continental now seeks the Court intervention to prevent the prejudice that would otherwise result.

**III.     Conclusion**

Despite its purported willingness to produce the information requested by Continental, Plaintiff has refused to produce responsive information, and much of what has been produced has been made available only in a form that is not reasonably usable. In addition, discussions with the Plaintiff regarding possible approaches to this Court on a mechanism to stay further action in the case pending issue-narrowing and/or appraisal process, were terminated suddenly by the Plaintiff with only days remaining in the discovery period. As a result, the Defendant has not had adequate time to complete the depositions of persons formerly employed by the Plaintiff who have direct knowledge of

— 13 —
15794613.2
Case 3:08-cv-00158-RJC -DSC   Document 52-1   Filed 10/14/09   Page 13 of 18

information relevant to the Plaintiff's business income and extra expense claims. The documentary evidence requested by Continental is needed prior to those depositions.

Accordingly, and pursuant to Federal Rules of Civil Procedure 6(b) and 37(a), Continental moves this Court to enter an Order:

(1) compelling access by a qualified third-party expert to all computers and servers previously used by the Plaintiff in its business, for the purpose of making forensic copies of all programs and data relating to any business of Carolina Materials, LLC;

(2) compelling production of all requested business records and other documents and information responsive to Continental's Supplemental Requests not yet produced by the Plaintiff;

(3) ordering Plaintiff to provide full, complete, and responsive answers to all of Continental's requests for production, including specifically explaining the circumstances surrounding the disappearance or destruction of any documents that Plaintiff has indicated are no longer available;

(4) extending the fact discovery deadline to November 23, 2009 in order to afford Continental time to

complete discovery and relevant depositions after its receipt and review of the documents and computer information requested by Continental and promised by Plaintiff; and

(5) extending the dispositive motions deadline to December 7, 2009, in light of extension of the fact discovery deadline.

No change in the trial date of March 1, 2010, is required.

Respectfully submitted, this 14th day of October, 2009.

/s/ David M. Leonard
David M. Leonard
Georgia Bar No. 446625
Email: dleonard@carltonfields.com
(Admitted *Pro Hac Vice*)

/s/ Toni Ross Weir
Toni Ross Weir
Georgia Bar No. 612610
Email: tweir@carltonfields.com
(Admitted *Pro Hac Vice*)

Carlton Fields P.A.
1201 West Peachtree Street NW
One Atlantic Center, Suite 3000
Atlanta, Georgia 30309-3455
Office: 404.815.3380
Facsimile: 404.815.3415

        /s/ Robert M. Rubin
        Robert M. Rubin, Esq.
        North Carolina Bar No. 22301
        Email: rrubin@cshlaw.com

Cranfill Sumner & Hartzog LLP
Post Office Box 30787
Charlotte, North Carolina 28230
Office:    704.332.8300
Facsimile: 704.332.9994

        *ATTORNEYS FOR DEFENDANT*
        *CONTINENTAL CASUALTY COMPANY*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO. 3:08-CV-00158

| | |
|---|---|
| CAROLINA MATERIALS, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CONTINENTAL CASUALTY | ) |
| COMPANY d/b/a | ) |
| CNA INSURANCE, | ) |
| | ) |
|     Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14TH day of October, 2009, I electronically filed this **DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY AND FOR A LIMITED EXTENSION OF THE DISCOVERY PERIOD FOR DEFENDANT TO COMPLETE FACT DISCOVERY** by using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

    Eric Lee
    lee@leeamlaw.com
    Lee & Amtzis, P.L.
    5550 Glades Road, Suite 401
    Boca Raton, Florida 33431

    Michael L. Carpenter
    mcarpenter@gastonlegal.com
    Gray, Layton, Kersh, Solomon,
      Furr & Smith, P.A.
    516 South New Hope Road
    Gastonia, North Carolina 28053

— 17 —
15794613.2
Case 3:08-cv-00158-RJC -DSC   Document 52-1   Filed 10/14/09   Page 17 of 18

October 14, 2009.

                                      /s/ Toni Ross Weir
                                      David M. Leonard
                                      Georgia Bar No. 446625
                                      Email:  dleonard@carltonfields.com

                                      Carlton Fields P.A.
                                      1201 West Peachtree Street NW
                                      One Atlantic Center, Suite 3000
                                      Atlanta, Georgia 30309-3455
                                      Office:     404.815.3380
                                      Facsimile:  404.815.3415