# EXHIBIT 8

## Declaration of

## Derek Royster

## Dated October 13, 2009

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

## CIVIL ACTION NO. 3:08-CV-00158

| | |
|---|---|
| CAROLINA MATERIALS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| CONTINENTAL CASUALTY COMPANY | ) |
| d/b/a/ CNA INSURANCE, | ) |
| | ) |
| Defendant. | ) |

---

## DECLARATION OF DEREK ROYSTER
### DATED OCTOBER 13, 2009

I, Derek Royster, declare:

1. I am a resident of the State of North Carolina, over the age of majority, and suffer from no legal disabilities. I have personal knowledge of the following facts.

2. I have been retained by Continental Casualty Company ("Continental") to provide an opinion regarding the business income loss and extra expense claim asserted by Carolina Materials, LLC ("CM") in this lawsuit.

3. I am a Certified Public Accountant and a Partner in the Charlotte, North Carolina office of RGL Forensics.

— 1 —

4. I am familiar with the insurance claim submitted by CM to Continental relating to the alleged business income loss and extra expense claim by CM following an incident causing damage to the Nanjing Giant extruder machine that occurred on October 26, 2006.

5. I am familiar with the lawsuit *Carolina Materials, LLC v. Continental Casualty Company d/b/a CNA Insurance*, United States District Court for the Western District of North Carolina, filed by CM against Continental.

6. As part of the discovery process in the lawsuit, Continental requested all of CM's product shipment reports (by weight and dollar amount) and related documents for the period October 1, 2004 through September 30, 2008.

7. As part of the discovery process in the lawsuit, Continental requested all of CM's product shipment reports (by weight and dollar amount) and related documents for the Nanjing Giant machine for the period January 1, 2006 through September 30, 2008.

8. As part of the discovery process in the lawsuit, Continental requested all of CM's product shipment reports (by weight and dollar amount) and related documents for the 48 inch Cincinnati Milacron extrusion machine for the period January 1, 2006 through September 30, 2008.

— 2 —

9. As part of the discovery process in the lawsuit, Continental requested all of CM's payroll journals, by department and on a pay-period by pay-period basis, for the Claim Incident location, for the period July 1, 2006 through the date CM ceased operations.

10. As part of the discovery process in the lawsuit, Continental requested all of CM's product production logs and related documents related to CM's products for the period October 1, 2004 through September 30, 2008.

11. As part of the discovery process in the lawsuit, Continental requested all of CM's product production logs and related documents for the Nanjing Giant machine for the period January 1, 2006 through September 30, 2008.

12. As part of the discovery process in the lawsuit, Continental requested all of CM's product production logs and related documents for the 48 inch Cincinnati Milacron extrusion machine for the period January 1, 2006 through September 30, 2008.

13. On Friday, October 9, 2009, I received electronic files that were produced by CM to Continental in response to these document requests.

14. The electronic files contain data appearing to relate to the shipping of CM's products.

— 3 —

15. The electronic files relating to the shipping of CM's products are in an unknown format.

16. The electronic files relating to the shipping of CM's products contain internal codes, or other unknown identifications or symbols that cannot be deciphered and interpreted without access to the actual program.

17. The electronic files relating to the shipping of CM's products appear to contain data that was extracted from a computer program and dumped into a Microsoft Excel program. Without access to the software program itself, the data summary is of very limited value and cannot be utilized effectively to evaluate the data.

18. The electronic files relating to the shipping of CM's products are not organized by weight amount.

19. The electronic files relating to the shipping of CM's products are not organized by product type.

20. The electronic files relating to the shipping of CM's products do not indicate whether or not they are related to the Nanjing Giant machine

21. The electronic files relating to the shipping of CM's products do not indicate whether or not they are related to the 48 inch Cincinnati Milacron extrusion machine.

— 4 —

22. The electronic files contain data appearing to relate to the production logs of CM's products.

23. The electronic files relating to the production logs of CM's products contain internal codes, or other unknown identifications and symbols that cannot be deciphered and interpreted without access to the complete program.

24. The electronic files relating to the production logs of CM's products appear to contain data that was extracted from another computer program and dumped into a Microsoft Excel program.

25. The electronic files relating to the production logs of CM's products are not organized by product type.

26. The electronic files relating to the production logs of CM's products do not indicate whether or not they are related to the Nanjing Giant machine.

27. The electronic files relating to the production logs of CM's products do not indicate whether or not they are related to the 48 inch Cincinnati Milacron extrusion machine.

28. The electronic files relating to the production logs of CM's products are broken down by job, not

— 5 —

by actual production on a per-day, per-week, or per-month basis.

29. The electronic files contain documents which appear to be a summary of payroll checks.

30. The electronic files relating to payroll are not organized by department or any other organizational breakdown.

31. The electronic files relating to payroll contain internal codes, or other unknown identifications or symbols that cannot be deciphered and interpreted without access to the actual program.

32. The electronic files relating to payroll appear to contain data that was extracted from a computer program and dumped into a Microsoft Excel program. Without access to the software program itself, the data summary is of very limited value and cannot be utilized effectively to evaluate the data.

33. I submit this declaration in the lawsuit captioned on page one, and in support of a motion requesting forensic access and copying of CM's computer system and software that will be filed by Continental.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true

— 6 —

and correct.

      Executed this __13th__ day of October, 2009.

                    Derek W. Royster

— 7 —