# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:08CV158-RJC

| | |
|---|---|
| CAROLINA MATERIALS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND ORDER** |
| CONTINENTAL CASUALTY COMPANY d/b/a CNA INSURANCE, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on "Defendant's Motion to Compel Discovery and for a Limited Extension of the Discovery Period for Defendant to Complete Fact Discovery" (document #52) and "Defendant's Brief in Support of Its Motion to Compel Discovery and for a Limited Extension of the Discovery Period for Defendant to Complete Fact Discovery" (document #52-2) both filed on October 14, 2009 and "Plaintiff's Motion for Protective Order and to Quash Subpoenas" (document #53) and "Plaintiff's Response and Memorandum in Opposition to Defendant's Motion to Compel and to Extend the Discovery Deadline and In Support of Plaintiff's Motion to Quash and for the Entry of a Protective Order" (document 54) both filed on October 28, 2009. On November 9, 2009, Defendant filed its "Reply to Plaintiff's Response to Continental's Motion to Compel and to Extend the Discovery Period."(document # 55) and "Continental Casualty Company's Supplement to Its Motion to Compel and to Extend the Discovery Period for Defendant to Complete Fact Discovery and Request for Status Conference" (document #56). On November 16, 2009, Defendant filed "Continental Casualty Company's Response to Plaintiff's Motion for Protective Order and to Quash Subpoenas" (document #57). On November 25, 2009, Plaintiff filed "Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Quash and for the Entry of a Protective Order" (document # 60).

1

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the subject motions are now ripe for determination.

Having carefully reviewed the arguments, the record and the applicable authority, the Court will <u>grant</u> Defendant's Motion to Compel Discovery, <u>grant</u> Defendant's Motion for a Limited Extension of the Discovery Period, <u>grant</u> Plaintiff's Motion for Protective Order, **<u>deny</u> Plaintiff's Motion to Quash** and <u>deny</u> Defendant's Motion for Status Conference, as discussed below.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

This action arises out of an insurance contract between Plaintiff Carolina Materials, LLC ("Carolina Materials") and Defendant Continental Casualty Company ("Continental"). Plaintiff instituted this action on April 10, 2008 seeking a declaration that Continental is obligated to pay certain losses allegedly incurred following the breakdown of a Nanjing Giant sheet extrusion machine (the "Extruder").

Continental seeks an Order from this Court compelling access by a qualified third-party expert to all computers and servers previously used by Carolina Materials in its business, for the purposes of making forensic copies of all programs and data relating to any business of Carolina Materials; compelling production of all requested business records and other documents and information responsive to Continental's Supplemental Requests not yet produced by Carolina Materials; and ordering Plaintiff to provide full, complete, and responsive answers to all of Continental's requests for production, including specifically explaining the circumstances surrounding the disappearance or destruction of any documents that Carolina Materials has indicated are no longer available. Continental also seeks an extension of the fact discovery deadline and dispositive motions deadline, as well as a status conference to discuss further pending motions and scheduling.

Carolina Materials responded to Continental's Motion to Compel with a Motion for Protective Order arguing that the computer server upon which Carolina Materials' bookkeeping software is maintained is currently used by another entity that is a non-party to this action, Axxon

International, LLC, as well as by non-party Randy Lenz and that allowing Defendant to obtain a copy of the entire server hard-drive would expose Axxon and Mr. Lenz's private and confidential information to Continental. Carolina Materials also requested that the Court enter an order quashing subpoenas issued to Wachovia Bank, N.A. ("Wachovia") and Equity Investment Partners, LLC ("EIP").

## II. DISCUSSION

### A. MOTION TO COMPEL, MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND MOTION FOR PROTECTIVE ORDER

With regard to Continental's Motion to Compel, the Court will GRANT the Motion with the following limitations imposed by the fact that the Court will also GRANT Carolina Material's Motion for Protective Order. Therefore, the Court orders the following:

(1) A qualified third-party expert retained by Continental shall be allowed to view and examine the electronic financial database of Carolina Materials on the shared server of Carolina Materials and Axxon. However, Continental is prohibited from making a forensic copy of all programs and data and is prohibited from viewing any electronic information on the shared server that is the data of Axxon and Mr. Randy Lenz and any other documents on said server that may constitute work product or privileged matters.

(2) Carolina Materials shall produce all requested business records and other documents and information responsive to Continental's Supplemental Requests that have not yet been produced;

(3) Carolina Materials shall provide full, complete and responsive answers to Continental's requests for production, including explaining the circumstances surrounding the disappearance or destruction of any documents that Carolina Materials has indicated are no longer available.

With regard to Continental's Motion to Extend the fact discovery deadline and dispositive

motions deadline, the Court will GRANT the Motion with the following limitations:

(1) The fact discovery deadline will be extended by sixty (60) days from the date of this Order to allow Continental to complete the additional discovery allowed under this Order and the additional discovery that the parties have already agreed to conduct being the:

   a. Continuation of the depositions of Phil Friedman and 30(b)(6) Designee Randy Lenz;

   b. Taking of the deposition of Plaintiff's Expert Witness, Mr. Frohme; and

   c. Examination of the financial and inventory computer database of Carolina Materials.

(2) The Court will not allow any new discovery to commence even though the discovery deadline has been extended.

(3) The dispositive motions deadline will be extended sixty (60) days in light of the extension of the fact discovery deadline.

(4) The trial date will remain March 1, 2010.

**B.    MOTION TO QUASH**

A party generally has no standing to file a motion to quash a subpoena issued to a third-party based upon Rule 45(c). Joiner v. Choicepoint Servs., Inc., No. 1:05CV321, 2006 WL 2669370, at *4 (W.D.N.C. Sept. 15, 2006) (citing Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997)) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought. . . .Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum."). The Fourth Circuit has held that a party lacks standing to move to quash a subpoena issued to a nonparty when the party seeking to challenge the subpoena fails to show a personal right or privilege in the information sought by the subpoena. U.S. v. Idema, No. 04-6130, 118 Fed.Appx. 740, 2005 WL 17436, at *3 (C.A.4 (N.C.) Jan. 4, 2005) (citing Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D.

620, 635 (D. Kan. 1999)). Plaintiff has not asserted that it has a personal right to, or privilege in, the information sought in the subpoenas. Thus, Plaintiff lacks standing to file a motion to quash the subpoenas issued to EIP and Wachovia. The Court therefore DENIES Plaintiff's Motion to Quash Subpoenas.

C.     **MOTION FOR STATUS CONFERENCE**

Continental requests a status conference to discuss further the pending motions, discovery and scheduling for the remainder of the lawsuit. Because the Court finds that this motion addresses the immediate concerns regarding discovery and scheduling, the Court DENIES the request for a status conference.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. Defendant's "Motion to Compel Discovery and for a Limited Extension of the Discovery Period for Defendant to Complete Fact Discovery" (document #52) is **GRANTED** with parameters as stated above.

2. Plaintiff's "Motion for Protective Order and to Quash Subpoenas" (document #53) is **GRANTED** as to Plaintiff's Motion for Protective Order and **DENIED** as to Plaintiff's Motion to Quash Subpoenas with parameters as stated above.

3. Defendant's Request for Status Conference (document #56) is DENIED.

4. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: November 30, 2009

David S. Cayer
United States Magistrate Judge