UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:08CV158-RJC

| | |
|---|---|
| CAROLINA MATERIALS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) MEMORANDUM AND ORDER |
| CONTINENTAL CASUALTY COMPANY | ) |
| d/b/a CNA INSURANCE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on "Plaintiff's Motion to Compel Compliance with Court Order" (document#67) filed December 7, 2009. On December 15, 2009, Defendant filed "Defendant's Motion to Compel Production of Materials from Equity Investment Partners, LLC Pursuant to a Subpoena and to Shorten Plaintiff's Response Time to December 21, 2009" (document#71) and "Defendant's Brief in Support of Motion to Compel Production of Materials from Equity Investment Partners, LLC Pursuant to Subpoena and to Shorten EIP'S Response Time to December 22, 2009" (document#72) and "Response to Plaintiff's Motion to Compel Compliance with Court Order" (document#73). On December 17, 2009, Plaintiff filed "Plaintiff's Reply to Defendant's Response in Opposition to Motion to Compel Compliance" (document#74). On January 4, 2010, Plaintiff filed "Plaintiff's and Non-Party's Response in Opposition to Motion to Compel Production" (document#76). Defendant filed "Defendant's Reply in Support of Its Motion to Compel Production of Materials From Equity Investment Partners, LLC Pursuant to Subpoena" (document#79) on January 13, 2010.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the subject motions are now ripe for determination.

Having carefully reviewed the arguments, the record and the applicable authority, the Court

1

will <u>deny</u> Plaintiff's Motion to Compel Compliance and <u>grant in part</u> and <u>deny in part</u> Defendant's Motion to Compel Production of Materials, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of an insurance contract between Plaintiff Carolina Materials, LLC ("Carolina Materials") and Defendant Continental Casualty Company ("Continental"). Plaintiff instituted this action on April 10, 2008 seeking a declaration that Continental is obligated to pay certain losses allegedly incurred following the breakdown of a Nanjing Giant sheet extrusion machine (the "Extruder").

On December 1, 2009, this Court entered a Memorandum and Order (document#61) granting Defendant's "Motion to Compel Discovery" (document#52). Plaintiff's "Motion for Protective Order and to Quash Subpoenas" (document#57) was granted as to Plaintiff's Motion for Protective Order and denied as to Plaintiff's Motion to Quash Subpoenas. The Court found that Plaintiff lacked standing to file a motion to quash the subpoenas issued to nonparties Equity Investment Partners, LLC ("EIP") and Wachovia Bank, N.A. ("Wachovia").

The parties disagree as to the interpretation of this Court's December 1, 2009 Memorandum and Order. In its Motion to Compel (document# 67), Carolina Materials seeks an order from this Court compelling Continental to cease in its efforts to obtain documents that were sought in subpoenas issued to nonparties EIP and Wachovia. Carolina Materials argues that the subpoenas issued to EIP and Wachovia are not enforceable pursuant to the Pre-Trial Order (document#42) because they seek responses after the discovery completion deadline and because the Court's December 1, 2009 Order did not permit the late served subpoenas.

Continental responded (document#73) asking the Court to enter an order instructing Carolina Materials not to further obstruct Continental's enforcement of the Wachovia subpoena. Continental requested the Court to expedite the briefing schedule for Carolina Materials' Motion to Compel.

Continental contemporaneously filed a Motion to Compel (document#71) requesting that the Court compel nonparty EIP to produce all materials or grant access to the materials requested by the

2

subpoena within three days of the Court's order and to instruct Carolina Materials not to interfere in Continental's further attempts to enforce its EIP subpoena. Continental requested that the Court modify the briefing deadlines for Continental's Motion to Compel. In its Reply (document#79), Continental asserts that EIP's financial information is relevant to the claims in this matter and that EIP should be compelled to submit the documents sought by the subpoena.

## II. DISCUSSION

### A. CAROLINA MATERIALS' MOTION TO COMPEL

With regard to Carolina Materials' Motion to Compel, the Court will DENY the Motion. The Court could summarily deny the Motion because Carolina Materials failed to submit a brief with its Motion in violation of Local Rule 7.1(C), which requires a brief to be filed contemporaneously with the motion.

The Court finds that its December 1, 2009, Order does not prohibit Continental from enforcing the Wachovia or EIP subpoenas. The Court did not invalidate those subpoenas. On the contrary, the Court found that Carolina Materials failed to show a personal right or privilege in the information sought by the subpoena, and therefore, Carolina Materials lacks standing to move to quash the nonparty subpoenas. U.S. v. Idema, No. 04-6130, 118 Fed.Appx. 740, 2005 WL 17436, at *3 (4th Cir. Jan. 4, 2005) (A party lacks standing to move to quash a subpoena when the party seeking to challenge the subpoena fails to show a personal right or privilege in the information sought by the subpoena). Carolina Materials lacks standing to challenge the subpoenas, thus it cannot continue to challenge the enforceability of the subpoenas by asserting that they are untimely, or that they were issued in violation of a court order.

A subpoena duces tecum was served upon Wachovia on October 14, 2009. Wachovia voluntarily began the production of documents to Continental after service of the subpoena. Wachovia never served or expressed any objection to production of documents pursuant to the subpoena. The subpoena sought:

> All checks, bank statements, electronic copies of deposit records, electronic copies of withdrawal records, and all records of transfers of funds including but not limited
3

to electronic wire transfers in connection with Carolina Materials, LLC Wachovia Accounting Number [redacted] or any other account for that entity, at any time from the inception of the account (believed to be in 2004) through 2008.

Carolina Materials argues that its Motion to Quash and Motion for Protective Order (document#57) were two alternative bases under which the Court could prohibit the two nonparty subpoenas. However, the Court did <u>not</u> prohibit the production of materials sought by the subpoenas in its December 1, 2009 Order, nor did it grant Plaintiff's Motion to Quash.

Therefore, the Court DENIES Carolina Materials' Motion to Compel and ORDERS:

(1) Carolina Materials shall cease interference with the production of materials sought by the Wachovia subpoena.

(2) The Court DENIES any modification of the briefing schedule as MOOT.

(3) The Court DENIES Carolina Materials' request for attorneys' fees and costs.

B. **CONTINENTAL'S MOTION TO COMPEL**

With regard to Continental's Motion to Compel, the Court will <u>grant in part</u> and <u>deny in part</u> the Motion and ORDERS:

(1) EIP shall produce all materials requested in the EIP subpoena including:

> 1. All financial records and related documents reflecting or relating to any transfers of equipment, real or personal property, cash, capital, funds and/or financial support to or from Carolina Materials, LLC from Equity Investment Partners, LLC or any affiliated companies, including but not limited to, Equity Investment Partners, L.P. at any time from October 1, 2004 to the present.
> 2. All federal tax returns from 2004 to the present for Equity Investment Partners, L.L.C. or any affiliated companies, including but not limited to Equity Investment Partners, L.P.
> 3. All insurance policies and documents related to insurance policies, including but not limited to applications, quotations, and binders, from 2004 to the present issued to Equity Investment Partners, L.L.C. or any affiliated companies, including but not limited to Equity Investment Partners, L.P.

4

(2) Carolina Materials shall cease interference with the production of materials sought by the EIP subpoena.

(3) The Court DENIES any modification of the briefing schedule as MOOT.

(4) The Court DENIES Continental's request for attorneys' fees and costs.

### III.  ORDER

**IT IS ORDERED:**

1. "Plaintiff's Motion to Compel Compliance with Court Order" (document #67) is **DENIED**.

2. "Defendant's Motion to Compel Production of Materials from Equity Investment Partners, LLC Pursuant to a Subpoena and to Shorten Plaintiff's Response Time to December 21, 2009" (document#71) is **GRANTED** as to Defendant's Motion to Compel Production of Materials and **DENIED** as to Defendant's Motion to Shorten Plaintiff's Response Time.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: January 19, 2010

David S. Cayer
United States Magistrate Judge

5